<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
MICHAEL MANGINI,                  :  CIVIL ACTION NO. 04-2520 (MLC)
                                  :
        Plaintiff,                :     MEMORANDUM OPINION
                                  :
        v.                        :
                                  :
ATLANTIC DETROIT DIESEL, et al., :
                                  :
        Defendants.               :
_____ :
```

<u>**COOPER, District Judge**</u>

The plaintiff, Michael Mangini, brought this action in New Jersey Superior Court, Somerset County, against the defendants, Atlantic Detroit Diesel ("ADD") and Michael Donohue.  The complaint contains four counts.  The first count, asserted against both defendants, purports to seek damages for wrongful termination in violation of the New Jersey Conscientious Employee Protection Act ("NJCEPA"), N.J.S.A. § 34:19.

ADD removed the action.  (Remov. Not., at 1-2.)  Thereafter, the Court granted the part of ADD's motion seeking dismissal of the second count and the fourth count insofar as asserted against it.[1]  (<u>See</u> 3-28-05 Mem. Op.; 3-28-05 Ord.)  The Court has yet to issue a judgment dismissing the second count and the fourth count insofar as asserted against ADD.

---

[1]  The second count is asserted against ADD only.  The third count is asserted against Donohue only.

The Court then issued an order to show cause why, <u>inter</u> <u>alia</u>, (1) the complaint insofar as asserted against Donohue should not be dismissed under Federal Rule of Civil Procedure ("Rule") 4(m), Local Civil Rule 41.1(a), and Rule 41(b), and (2) the action — insofar as it concerns the first count insofar as asserted against ADD — should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1331. (<u>See</u> 3-28-05 Ord. to Show Cause.) The Court will:

- grant the order to show cause to the extent it concerns the aforementioned relief;

- deny as moot the order to show cause to the extent it concerns certain alternative relief;[2]

- dismiss the complaint insofar as asserted against Donohue;

- dismiss the second count and the fourth count insofar as asserted against ADD; and

- remand the action — insofar as it concerns the first count insofar as asserted against ADD — to state court.

## DISCUSSION

The Court assumes the parties are familiar with the background information presented in the previous memorandum opinion, order, and order to show cause. (<u>See</u> 3-28-05 Mem. Op.;

---

[2]  This will be listed in the order and judgment to follow.

3-28-05 Ord.; 3-28-05 Ord. to Show Cause.)  For the sake of brevity, the Court will not repeat that information here.

## I.    Complaint Insofar As Asserted Against Donohue

Mangini failed to (1) serve the summons and complaint on Donohue within 120 days after filing the complaint or removal of the action from state court, or (2) take any proceedings against Donohue for more than 120 days.  It thus appeared to the Court that the complaint insofar as asserted against Donohue should be dismissed for failure to effect service and lack of prosecution. See Fed.R.Civ.P. 4(m); L.Civ.R. 41.1(a); Fed.R.Civ.P. 41(b).  See also Kabacinski v. Bostrom Seating, No. 03-1986, 2004 WL 628867, at *3 n.3 (3d Cir. Mar. 30, 2004) (authorizing harsh penalties when enforcing Local Civil Rules); United States v. 11 Vehs., Equip. & Accs., 200 F.3d 203, 214 (3d Cir. 2000) (same).

Mangini has failed to respond to the order to show cause. Also, ADD does not address this part of the order to show cause in its response.  (See generally Mem. in Resp., at 1-9.)  Thus, the Court will dismiss the complaint insofar as asserted against Donohue pursuant to Rule 4(m), Local Civil Rule 41.1(a), and Rule 41(b).

## II.  First Count Insofar As Asserted Against ADD

The Court will assume arguendo, as ADD urges, that as to the first count:

> Mangini does not allege that the [collective bargaining agreement ("CBA")] was breached in retaliation for

purportedly protected activity.  Rather, he alleges
that he was retaliated against for complaining about
the alleged breach of the union contract.  As such,
preemption analysis under § 301 of the [Labor Management
Relations Act ("LMRA")] is immaterial.

(See Mem. in Resp., at 3.)  ADD argues the Court — rather than
remand the action — should dismiss the first count insofar as
asserted against it.  In support, it contends:

• pursuant to <u>San Diego Building Trades Council v. Garmon</u>,
359 U.S. 236 (1959), the first count is preempted because it
raises a federal question concerning activity either protected by
Section 7 or prohibited by Section 8 of the National Labor
Relations Act ("NLRA") (<u>see</u> Mem. in Resp., at 3-4);

• a determination of the merits of the first count's
allegations "fall[s] within the broad jurisdiction of the
[National Labor Relations Board ('NLRB')]" (<u>see</u> <u>id.</u> at 4); and,

• thus "[p]ursuant to the NLRB's exclusive jurisdiction
over such claims, the [first count] should be dismissed."  (<u>See</u>
<u>id.</u> at 9.)

But ADD's contentions are not correct.  <u>Garmon</u> preemption
does not give rise to complete preemption.  <u>See</u> <u>Caterpillar Inc.</u>
<u>v. Williams</u>, 482 U.S. 386, 392-93 (1987) (distinguishing — in
case involving LMRA — preemption defense to state-law claim from
complete preemption as basis for Section 1331 jurisdiction).
"[Sections] 7 and 8 of the NLRA . . . do not completely preempt

4

state law and thus provide no basis for removal jurisdiction."
Briones v. Bon Secours Health Sys., No. 02-3504, 2003 WL
21467224, at *3 (3d Cir. June 25, 2003) (cite and quotes
omitted).  Although ADD will have available a Garmon "preemption
defense" to the first count's allegations on remand to state
court, "[s]uch preemption . . . is not the type of complete
preemption that would provide [a defendant] with a basis for
federal question jurisdiction."  Kline v. Sec. Guards, Inc., 386
F.3d 246, 262-63 (3d Cir. 2004) (emphasis in original).  The
proper course, when an action is improperly removed under
Sections 7 or 8 of the NLRA, is to remand it and permit the state
court to determine if the claim therein is within the NLRB's
exclusive jurisdiction.  Ethridge v. Harbor House Rest., 861 F.2d
1389, 1397-1401 (9th Cir. 1988) (discussing impact of Garmon),
cited with approval in Briones, 2003 WL 21467224, at *3, and
Kline, 386 F.3d at 263.

     The Court must also view Mangini's allegations in the light
most favorable to him, even though he has failed to provide the
Court with any guidance by responding to the order to show cause.
Thus, the Court will construe the first count to contain
allegations against ADD that are not within the NLRB's exclusive
jurisdiction, and are covered — as Mangini asserts in the
complaint — by NJCEPA.

The first count insofar as it asserts NJCEPA violations is not preempted, as the "right vested in employees under [NJ]CEPA is significantly independent of any federal interpretation of the CBA." Reynolds v. TCM Sweeping, 340 F.Supp.2d 541, 547 (D.N.J. 2004) (remanding NJCEPA claim for lack of jurisdiction). See Patterson v. Exxon Mobil Corp., 262 F.Supp.2d 453, 458-62 (D.N.J. 2003) (stating NJCEPA claim "requires examination of the actions of plaintiff and actions and motivations of defendants, and does not rely upon interpretation of the CBA," and stems from "entitlement to rights under state law, not the [CBA]").

The first count insofar as it is asserted against ADD is not completely preempted to the extent that it contains allegations covered by (1) Sections 7 or 8 of the NLRA, or (2) NJCEPA. As the counts over which the Court had jurisdiction will be dismissed (see supra p. 2-3; 3-28-05 Mem. Op., at 7-9), the Court — in its discretion — will decline to exercise supplemental jurisdiction over the first count insofar as it is asserted against ADD. See 28 U.S.C. § 1367(c)(3) (authorizing court to decline supplemental jurisdiction); Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999) (same). A state court, upon remand, may determine if Mangini fails to assert a proper NJCEPA

claim, and if a determination of the merits of his allegations would be more properly made by the NLRB.[3]

**CONCLUSION**

The complaint insofar as asserted against Donohue will be dismissed.  Mangini has failed to respond to the Court's order to show cause why the complaint insofar as asserted against Donohue should not be dismissed under Rule 4(m), Local Civil Rule 41.1, and Rule 41.

The Court will dismiss the second count and the fourth count insofar as asserted against ADD.  The Court previously granted the part of ADD's motion seeking that relief.

The action — insofar as it concerns the first count insofar as asserted against ADD — will be remanded.  The allegations therein that concern only Sections 7 and 8 of the NLRA do not give rise to removal jurisdiction, as they are not completely preempted.  The allegations therein that are covered arguably by

---

[3]  ADD relies on <u>Jungk v. Cornerstone Propane</u>, No. 01-3338, slip. op. (D.N.J. May 28, 2002), wherein it appears that the court (1) exercised supplemental jurisdiction over an NJCEPA claim, even though the properly-removed claims were to be dismissed, and (2) dismissed the NJCEPA claim as being preempted by the NLRA.  <u>See id.</u> at 5-6.  That result is not necessarily inconsistent with the determination here; this Court is merely exercising the discretion to decline jurisdiction over the first count insofar as asserted against ADD.  To the extent that <u>Jungk</u> can be read to be contrary to the determination here, the Court declines to follow it.

NJCEPA are not removable, as the rights thereunder are independent of federal law.

The Court will issue an appropriate order and judgment.


      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge